L. Kieran Kieckhefer (SBN 251978)
kkieckhefer@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: 650-815-7400
Facsimile: 650-815-7401

John J. Dabney (*Pro Hac Vice Forthcoming*)
jdabney@mwe.com
Mary D. Hallerman (*Pro Hac Vice Forthcoming*)
mhallerman@mwe.com
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone: 202-756-8000
Facsimile: 202-756-8087

Attorneys for Plaintiff
AMERICAN SPECIALTY
HEALTH INCORPORATED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| AMERICAN SPECIALTY HEALTH INCORPORATED, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SPECIALTY HEALTHCARE, INC., a California corporation; AMERICAN COLLEGE, LLC, California limited liability company; GURPREET SINGH, an individual; GIA SMITH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiff American Specialty Heath Incorporated ("ASH"), for its Complaint against Defendants American Specialty Healthcare, Inc., American College, LLC, Gurpreet Singh, Gia Smith, and Does 1-10 (collectively "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. Plaintiff American Specialty Health Incorporated ("ASH") is a pioneer in the health care industry and one of the fastest growing private companies in the United States. More than 42 million people in the United States are customers of ASH. For decades, ASH has garnered recognition in national publications and received countless industry accolades for the health care services and related services that it provides under its federally registered mark AMERICAN SPECIALTY HEALTH. Rather than invest the time and money cultivating their own mark for their health care business, Defendants simply helped themselves to Plaintiff's mark, goodwill, and reputation. Defendants adopted marks—"American Specialty Healthcare" and "American Specialty College"—that are virtually indistinguishable from Plaintiff's famous mark and thereby promptly caused the public to believe that Defendants were ASH or connected with ASH. Despite ASH's repeated demands, and Defendants' repeated promises, Defendants refuse to stop their unlawful conduct. ASH is thus forced to file this Complaint to protect itself, health care consumers, and the health care community from Defendants' intentionally deceitful conduct.

## THE PARTIES

1. ASH is a Delaware corporation with offices at 12800 N. Meridian Street, Carmel, Indiana 46032 and 10221 Wateridge Circle, San Diego, California 92121. ASH does business in this judicial district ("District").

2. Defendant American Specialty Healthcare, Inc. is a Delaware corporation, located at 730 17th Street, Modesto, California 95354. Defendant American Specialty Healthcare does business in this District.

3. Defendant American College, LLC is a California limited liability company located at 5260 Pirrone Court, Salida, California, 95368. Defendant American College owns and operates "American Specialty College," a for-profit vocational school for health care professions in Modesto, California.

4. Defendant Gurpreet Singh, M.D. is president of Defendant American Specialty Healthcare and Defendant American College and resides in this District. At all times relevant to this Complaint, Defendant Singh controlled and directed the intentionally unlawful conduct of

1  Defendant American Specialty Healthcare and Defendant American College and, along with
2  Defendant Gia Smith, is the moving force behind that unlawful conduct.

3  5. Defendant Gia Smith is Chief Executive Officer of Central Valley Hospital, owned and operated by Defendant American Specialty Healthcare, and serves a similar role for Defendant American Specialty Healthcare and Defendant American College. Defendant Smith resides in this District. At all times relevant to this Complaint, Defendant Smith acted on behalf of Defendant with Defendant's authorization, controlled and directed the intentionally unlawful conduct of Defendant American Specialty Healthcare and Defendant American College, and, along with Defendant Gurpreet Singh, M.D., is the moving force behind that unlawful conduct.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal claims for trademark counterfeiting, trademark infringement, unfair competition, false designation of origin and related wrongs under 28 U.S.C. §§ 1331, 1338(a). The Court has subject matter jurisdiction over the state claims under 28 U.S.C. §§ 1338(b), 1367(a).

7. This Court has personal jurisdiction over Defendants because they reside and operate in California, their primary places of business are in California, and they are advertising and selling their services under counterfeit and infringing marks in this District, among other places.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### Plaintiff ASH And Its Well-Known Brand

9. ASH is one of the nation's leading, fastest-growing health care companies. For decades, ASH has provided a wide range of health care services to patients, medical practitioners, health plans, employer groups, and insurance carriers across the United States under the mark AMERICAN SPECIALTY HEALTH. These services include the management of health care provider networks, providing health care providers with services to facilitate the filing of insurance claims, providing patients with tools to maintain and prioritize health and fitness,

educating patients about health and fitness, providing health care providers with services to facilitate the filing of insurance claims, insurance services, the administration of health care plans and related services.

10. ASH has received numerous accolades and awards for its work. ASH is accredited by the leading organizations in the field, including the Utilization Review Accreditation Commission, the premiere entity for accrediting health plans, the National Committee for Quality Assurance, a widely recognized signifier of excellent performance in health care plans, and HITRUST, the creator of the most widely adopted security framework in the health care industry.

11. Today, more than 42 million people across the United States are members of ASH and its membership is growing. From 2011 until 2017, ASH's membership grew by over 60%. For seven out of the past eight years, *Inc.* magazine has recognized ASH as one of the fastest growing private companies in the country.

12. ASH owns U.S. Trademark Registration No. 3222596 for AMERICAN SPECIALTY HEALTH for a wide variety of health care and related services:

- "Health care utilization review and cost management for health care benefit plans of others, not including in sports and entertainment industries;"

- "Underwriting specialty health insurance, not including those in the sports and entertainment industries; administration of pre-paid health care insurance plans and indemnity plans for others, not including those in the sports and entertainment industries; health care insurance services in the nature of organizing preferred provider programs and pre-paid health care plans in the field of specialty health care insurance, not including those in the sports and entertainment industries;" and

- "Managed health care services in the nature of preferred provider organizations, not including those in the sports and entertainment industries."

13. ASH's trademark registration is more than ten years old and "incontestable," meaning that it is "conclusive evidence" of ASH's ownership of the AMERICAN SPECIALTY HEALTH mark, of the validity of the mark, and of ASH's "exclusive right" to use the mark for the services in the registration. *See* 15 U.S.C. § 1115(b).

14. ASH has spent many millions of dollars advertising and promoting its health care services under its AMERICAN SPECIALTY HEALTH mark.

15. Consumers, health organizations, and professionals in the health care industry associate ASH's AMERICAN SPECIALTY HEALTH mark exclusively with ASH's safe, reliable and high-quality programs and services.

16. As a result of ASH's lengthy, continuous and widespread use of the AMERICAN SPECIALTY HEALTH mark, that mark has achieved significant goodwill and widespread recognition.

## DEFENDANTS AND THEIR WILLFULLY INFRINGING CONDUCT

17. Within the past year, Defendants started to use the mark "American Specialty Healthcare" in connection with providing health care services, including in the operation of health care facilities such as Central Valley Specialty Hospital. Defendants intend to expand their "American Specialty Healthcare"-branded services to other facilities.

18. Defendants use the mark "American Specialty College" in connection with providing training and education in the health care field. Defendants expect half of the students of "American Specialty College" to work for Defendants' health care facilities and provide "American Specialty Healthcare"-branded services at those facilities.

19. Defendant American College, LLC has applied to register the mark "American Specialty College." *See* Trademark Application Serial No. 87389045.

20. Defendants' "American Specialty Healthcare" and "American Specialty College" marks are identical and/or substantially similar in sight, sound, meaning, and overall commercial impression to ASH'S well-known AMERICAN SPECIALTY HEALTH mark.

21. Defendants' health care services and training and educational services are identical and similar to ASH's services.

22. ASH repeatedly demanded that Defendants stop using their "American Specialty Healthcare" and "American Specialty College" marks. Defendants promised to stop using the mark "American Specialty Healthcare," but never did. Defendants refused to stop using the "American Specialty College" mark.

23. Defendants' use of "American Specialty Healthcare" and "American Specialty College" has caused the public to believe that Defendants are ASH or are approved by ASH.

24. Defendants' use of "American Specialty Healthcare" and "American Specialty College" is likely to cause confusion, deception, and mistake to the source and affiliation of Defendants' services and business activities.

25. Defendants are capitalizing on ASH's fame and success by using marks that are confusingly similar mark to ASH'S AMERICAN SPECIALTY HEALTH mark.

26. Defendants intend to trade off ASH's goodwill and reputation by deceiving the public into thinking that Defendants are ASH or are somehow connected or affiliated with ASH.

27. Defendants' intentionally unlawful conduct has caused and continues to cause substantial irreparable harm to ASH. ASH has lost control over the reputation associated with its AMERICAN SPECIALTY HEALTH-branded services. Defendants' intentionally wrongful conduct is also irreparably harming health care consumers who are being deceived and who are likely to be deceived into believing that Defendant is ASH or is connected with ASH.

## **COUNT I**

**Trademark Counterfeiting, Trademark Infringement, Unfair Competition, False Designation of Origin and Passing Off Under the Federal Lanham Act**

**(15 U.S.C. § 1114)**

28. ASH re-alleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

29. ASH owns a federal trademark registration for AMERICAN SPECIALTY HEALTH for a wide range of health care services, including educational and training services.

30. Defendants use the marks "American Specialty Healthcare" and "American Specialty College" for health care services and training and educational services in the field of health and related services. Defendants' "American Specialty Healthcare" mark is identical and/or substantially indistinguishable to ASH's federally registered AMERICAN SPECIALTY HEALTH mark.

- 6 -
COMPLAINT FOR DAMAGES

31. Defendants' advertising and sale of the mark "American Specialty Health" health care services, related training and educational services in the field of health constitutes the knowing and willful use of a counterfeit mark in violation of the Lanham Act. 15 U.S.C. §§ 1114, 1127.

32. Defendants' advertising and sale of health care services, related training and educational services in the field of health and other services under "American Specialty Healthcare" and "American Specialty College" marks causes a likelihood of confusion, mistake and deception with ASH and ASH'S AMERICAN SPECIALTY HEALTH mark and constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1114(1).

33. ASH has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' wrongful conduct.

34. Defendants' conduct is irreparably injuring ASH's business, reputation, and goodwill. Unless Defendants are enjoined from their wrongful conduct, ASH will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II

**Trademark Infringement, Unfair Competition, False Designation of Origin, and Passing Off**

**Under the Federal Lanham Act**

**(15 U.S.C. § 1125)**

35. ASH re-alleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

36. ASH owns common law marks for AMERICAN SPECIALTY HEALTH for a wide range of health care services and related educational and training services in the field of health.

37. Defendants' advertising and sale of health care services, related training and education services, and other services under the "American Specialty Healthcare" and "American Specialty College" marks causes a likelihood of confusion, mistake and deception with ASH and

ASH'S AMERICAN SPECIALTY HEALTH mark, and constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1125.

38. ASH has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' wrongful conduct.

39. Defendants' conduct is irreparably injuring ASH's business, reputation, and goodwill. Unless Defendants are enjoined from their wrongful conduct, ASH will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law.

## **COUNT III**

**Trademark Infringement, Unfair Competition False Designation of Origin and Passing Off Under California Common Law**

40. ASH re-alleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

41. ASH owns the federally registered and common law mark AMERICAN SPECIALTY HEALTH for health care services and related services.

42. Defendants' advertising and sale of health care services, related training and educational services in the field of health, and other services under their "American Specialty Healthcare" and "American Specialty College" marks causes a likelihood of confusion, mistake and deception with ASH and ASH'S AMERICAN SPECIALTY HEALTH mark, and constitutes trademark infringement, unfair competition, false designation of origin, and passing off under California law.

43. ASH has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' wrongful conduct.

44. Defendants' conduct is irreparably injuring ASH's business, reputation, and goodwill. Unless Defendants are enjoined from their wrongful conduct, ASH will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law.

/ /

/ /

/ /

## COUNT IV

## Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*

45. ASH re-alleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

46. Defendants' advertising and sale of health care services, related training and educational services in the field of health and other services under their "American Specialty Healthcare" and "American Specialty College" marks causes a likelihood of confusion, mistake, and deception with ASH and ASH'S AMERICAN SPECIALTY HEALTH mark and constitutes trademark infringement, unfair competition, false designation of origin, and passing off under Cal. Bus. & Prof. Code § 17200 *et seq.*

47. ASH has suffered damages and Defendants have obtained profits and/or unjust enrichment as a result of Defendants' wrongful conduct.

48. Defendants' conduct is irreparably injuring ASH's business, reputation, and goodwill. Unless Defendants are enjoined from their wrongful conduct, ASH will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations, ASH prays for judgment against Defendants as follows:

    A.    That this Court enter judgment in favor of ASH and against Defendants, jointly and severally, on all claims for relief alleged herein;

    B.    That this Court issue a preliminary and permanent injunction which:

        a.    Enjoins Defendants, their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with them or having knowledge of the causes of action, from using the "American Specialty Healthcare" and "American Specialty College" marks, alone or in combination with any word(s), term(s), designation(s), mark(s), and/or design(s), as well as any other mark that is confusingly similar to ASH's AMERICAN SPECIALTY HEALTH mark;

b. Requires Defendants to deliver up for destruction all literature, videos, signs, billboards, labels, prints, packages, wrappers, containers, or advertising materials, stationery, and other items in their possession, custody, or control bearing Defendants' "American Specialty Healthcare" or "American Specialty College" marks and any other confusingly similar mark;

c. Requires Defendants to file with the Court and serve on ASH, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction;

d. Requires Defendants to transfer to ASH's possession, custody, or control any domain names owned by Defendants that includes the terms "American Specialty Healthcare," "American Specialty College," or any terms that are confusingly similar to ASH's AMERICAN SPECIALTY HEALTH mark; and

e. Requires Defendants to abandon with prejudice their pending application for "American Specialty College," Trademark Application Serial No. 87389045.

f. That this Court grant monetary relief to ASH in the form of:

g. Statutory damages of $2,000,000.00 on account of Defendants' willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117;

h. An accounting under federal and California law of any and all profits derived by Defendants from the acts complained of herein;

i. Compensatory damages under federal and California law for all injuries to ASH caused by Defendants' acts complained of herein;

j. Treble damages due to Defendants' use of a counterfeit mark pursuant to 15 U.S.C. § 1117;

k. Civil penalties for Defendants' violation of Cal. Bus. & Prof. Code § 17200 *et seq.*;

l. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and California law;

m. Prejudgment and post judgment interest; and

n. Such other and further relief which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

49. ASH respectfully demands a trial by jury on all claims and issues so triable.

Dated: September 6, 2017

Respectfully submitted,

MCDERMOTT WILL & EMERY

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer

L. Kieran Kieckhefer (SBN 251978)
kkieckhefer@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: 650-815-7400
Facsimile: 650-815-7401

John J. Dabney (*Pro Hac Vice Forthcoming*)
jdabney@mwe.com
Mary D. Hallerman (*Pro Hac Vice Forthcoming*)
mhallerman@mwe.com
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone: 202-756-8000
Facsimile: 202-756-8087

Attorneys for Plaintiff
AMERICAN SPECIALTY
HEALTH INCORPORATED